UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAMELA BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00073-NCC |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Pamela Brooks ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff filed a brief in support of the Complaint (Doc. 14), Defendant filed a brief in support of the Answer (Doc. 19), and Plaintiff filed a reply brief (Doc. 20). The Parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 7).

### I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on August 1, 2012 (Tr. 203-15). Plaintiff was initially denied on September 28, 2012, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 91-100, 101-02). After a hearing and a subsequent

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

supplemental hearing, by decision dated October 17, 2014, the ALJ found Plaintiff not disabled (Tr. 8-30). On February 5, 2016, the Appeals Council issued a decision denying Plaintiff's request for review (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 16, 2010, the alleged onset date (Tr. 14). The ALJ found Plaintiff has the severe impairments of disorders of the spine and obesity but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14-15). After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a sedentary work with the following limitations (Tr. 15). Plaintiff can walk or stand 2 hours out of an 8-hour workday and sit for 6 hours out of an 8-hour workday (*Id.*). She can occasionally climb stairs, but never climb ropes, scaffolds or ladders (*Id.*). She can occasionally balance, stoop, crouch, and kneel; however, she may never crawl (*Id.*). She is limited to occasionally pushing and pulling with the upper extremities, but she is prohibited from pushing and pulling with the lower extremities (*Id.*). She should avoid prolonged exposure to temperature extremes, chemicals, dust, fumes, humidity, wetness, and vibrating machinery (*Id.*). She should also avoid unprotected heights and hazardous moving machinery (*Id.*). Secondary to her reported chronic pain and potential side effects of medications, she is limited to jobs that do not demand attention to details or complicated job tasks or instructions (*Id.*). The ALJ found Plaintiff is unable to perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that she can perform, including document preparer, cutter-paster, and pharmaceutical

processor (Tr. 21-22). Thus, the ALJ concluded that a finding of "not disabled" was appropriate (Tr. 23). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

3

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff asserts that the ALJ erred in his RFC determination because he failed to include a limitation as to Plaintiff's need to stand and

ambulate with an assistive device despite evidence in the record as a whole indicating that the assistive device is a medical necessity (Doc. 14 at 12). For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

The Regulations define RFC as "what [the claimant] can do" despite her "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013). To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite her impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (internal citations omitted).

The Court finds that the ALJ properly considered Plaintiff's need to use an assistive device and that his decision that an assistive device was not medically necessary and, therefore not appropriate to include in the RFC determination, is supported by substantial evidence. First, the ALJ acknowledged that Plaintiff testified that she used and had been prescribed an assistive device (Tr. 16, 19). Plaintiff testified that she had been using a walker since June of 2011 for

about 60 percent of the time (Tr. 45). She further testified that she uses a cane (*Id.*). Plaintiff also testified that both the walker and the cane were prescribed (Tr. 58). Indeed, Plaintiff arrived to both hearings with a walker (Tr. 44-45, 58). The ALJ also noted that, upon review of the record, Plaintiff's surgeons and treating physicians reflect Plaintiff's use of an assistive device (Tr. 19). However, as indicated by the ALJ, Plaintiff's self-reports, even those made to physicians, are not sufficient to support the necessity of an assistive device. *See Johnson v. Astrue*, 816 F. Supp. 2d 752, 773 (W.D. Mo. 2011) (finding plaintiff's contention that his physician ordered him to use a cane as an assistive device not supported by the record when the record only reflected that plaintiff reported to a medical provider that another provider told plaintiff he needed to use a cane); *Hillstrom v. Comm'r of Soc. Sec.*, No. 3:15-CV-40, 2016 WL 7507789, at *5 (D.N.D. May 24, 2016) (plaintiff's self-reports did not establish that she "required the use of any hand-held assistive devices during the relevant time period"). For example, Dr. Ross D. Andreassen, M.D., a physician at Plaintiff's pain management clinic, indicates "patient walks using a walker" but his notes do not state that the walker or any other assistive device is a necessity (Tr. 441-43). In fact, Plaintiff's records from the pain management clinic indicate potential malingering as notes reflect a verbal warning for multiple physicians in September 2011 and frequent random drug tests (*See, e.g.,* Tr. 443, 455).

Second, the ALJ considered that there is nothing in the record to indicate that the assistive device was prescribed to Plaintiff (Tr. 19). Plaintiff asserts that the ALJ improperly discounted the "Certificate of Medical Necessity" (Doc. 14 at 15). The ALJ declined "to find that this document establishes a medical necessity for an assistive device" (Tr. 20). In so doing, the ALJ fully examined this document, noting that the electronic file indicates that the document belongs to Dr. Sonjay Fonn, D.O. ("Dr. Fonn"), Plaintiff's treating physician, but that it is dated

7

December 13, 2011 and Dr. Fonn did not assume Plaintiff's care until October 2013 (Tr. 19). Indeed, the electronic file is titled, "Certificate of Medical Necessity, dated 12/13/2011, from Sonjay Fonn, D.O., Midwest Neurosurgeons" (*See* Doc. 11-2 at 4; Tr. 1447). The ALJ correctly notes that the document refers to Dr. Brandon Scott, D.O. ("Dr. Scott"), Plaintiff's neurosurgeon, as the attending physician (Tr. 19, 1448). However, as the ALJ indicates, the form is signed by "Debbie Gaines" and the record does not include any identification or credentials for Ms. Gaines (Tr. 19, 1448). While the ALJ fails to indicate that the form is also signed by Dr. Scott, as the attending/prescribing physician, the Court finds this to be harmless error. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [the Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred."). The document itself is not a prescription[2] and there is no indication in Dr. Scott's records or the record as a whole that a prescription for the device was issued. *Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014); *Russell v. Astrue*, 626 F. Supp. 2d 921, 937 (D. Minn. 2009). Furthermore, the document indicates that Plaintiff needs to use a cane, not a walker, despite, as indicated above, Plaintiff's use of a walker (Tr. 1448).

Third, even if the Court were to construe the Certificate of Medical Necessity as a prescription, Plaintiff's need for an assistive device, as noted by the ALJ, is not supported by the record as a whole. Plaintiff asserts that as time went on, Plaintiff was noted as having an assisted gait and having increased tenderness of the spine and consistent use of a walker (Doc. 14 at 13

---

[2] A Certificate of Medical Necessity is required for Medicaid and Medicare reimbursement of many durable medical equipment services. *See* 42 U.S.C. § 1395m(j)(2) (defining, in the Medicare context, a certificate of medical necessity as a "document containing information required by the carrier . . . to show that an item is reasonable and necessary."); Mo. Health Net, Durable Medical Equipment Manual, Section 7.1 Certificate of Medical Necessity, 99-100, http://manuals.momed.com/collections/collection_dme/print.pdf (last updated May 4, 2017) (requiring for reimbursement for claims for specific durable medical equipment a Certificate of Medical Necessity that includes "the medical reason why the item . . . [was] needed.").

8

(citing Tr. 441-510)). While this is true, some records do indicate an assisted gait and consistent use of a walker, as indicated above, such self-reported use is not sufficient and there is significant evidence in the record of a normal gait and no evidence of motor weakness (*See, e.g.*, Tr. 515 ("Motor weakness is not present"); 539, 554, 637, 708, 760, 780, 1502 (in the lower extremity, "Normal range of motion"); 553 ("Not a fall risk"); 629, 816 ("Patient ambulates without assistance"); 700 ("Patient is able to ambulate normally"); 1348, 1368 ("Full Range of Motion"); 1416 ("Normal gait and station")). To the extent Plaintiff identifies records that support Plaintiff's allegation, "[i]f substantial evidence supports the decision, then we may not reverse, even if inconsistent conclusions may be drawn from the evidence and even if we may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

Further, the opinion evidence of record does not support Plaintiff's need to use an assistive device when standing and walking. In a one-page "Medical statement regarding back pain for Social Security disability claim" dated January 7, 2014, Dr. Fonn checked a box, one of three he checked, indicating that Plaintiff is unable to ambulate effectively (Tr. 1422). The ALJ afforded Dr. Fonn's opinion "no weight" in part because his opinion was inconsistent with his own medical records (Tr. 21). *Cf. Hill v. Colvin*, No. CIV. 13-3078, 2014 WL 6668391, at *4 (W.D. Ark. Nov. 24, 2014) (finding reversible error when the ALJ failed to incorporate Plaintiff's "right upper extremity as assistive device limitation" in his RFC determination as the only physical RFC assessment in the record included the limitation and the ALJ gave this assessment "great weight"). Of specific note, in a January 21, 2014 treatment note, Dr. Fonn observed that Plaintiff was able to walk without any assistive device (Tr. 21, 1407). *See Hey v. Colvin*, 136 F. Supp. 3d 1021, 1032 (D. Minn. 2015). *See also cf. Graham v. Astrue*, No. CIV. 10-5144, 2011 WL 3844072, at *3 (W.D. Ark. Aug. 30, 2011) ("As it appears that Plaintiff may

9

indeed need an assistive device to ambulate; that the ALJ found the only examining physician's opinion that addressed whether Plaintiff needed an assistive device was unclear; and that there is some question as to whether Plaintiff can complete an eight-hour work day, the Court finds remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC."). Instead, the ALJ relied on the opinion of Dr. Ronald DeVere, M.D. ("Dr. DeVere"), a non-examining state agency neurologist (Tr. 20). Upon a complete review of the medical record, Dr. DeVere issued a "Medical Opinion" and associated "Medical Source Statement of Ability to do Work-Related Activities (Physical)" dated February 20, 2014 (Tr. 1436-46). While Dr. DeVere found Plaintiff to have chronic low back and leg pain, he opined that Plaintiff can stand for 2 hours in an 8 hour work day, walk for 1 hour in an 8 hour work day, and sit for 6 hours in an 8 hour work day (Tr. 1442). He further opined that Plaintiff does not require the use of a cane to ambulate (*Id.*). Additionally, Dr. DeVere addressed Plaintiff's ability to reach overhead, finding that Plaintiff could reach overhead frequently (Tr. 1443).

Accordingly, the Court finds that the ALJ's decision not to include a limitation regarding an assistive device in his RFC determination to be supported by substantial evidence. *Cf. Bays v. Berryhill*, No. 6:16-CV-06031-BAB, 2017 WL 2560017, at *4 (W.D. Ark. June 13, 2017) ("The ALJ specifically endorsed Plaintiff's need to use an assistive device when standing and walking but failed to incorporate those findings into his RFC determination."). *See also Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006) ("The ALJ included all of Tindell's credible limitations in his RFC assessment, and the ALJ's conclusions are supported by substantial evidence in the record."). Further, the Court finds that ALJ's RFC finding is based on substantial evidence and that it is consistent with the Regulations and case law.

Finally, to the extent Plaintiff asserts that the ALJ failed to properly include Plaintiff's use of an assistive device in his hypothetical to the vocational expert, an ALJ is required to include only a claimant's credible limitations. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole.") (quoting *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)); *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) ("[T]he ALJ was not obligated to include limitations from opinions he properly disregarded."); *Guilliams v. Barnhart*, 393 F.3d 789, 804 (8th Cir. 2005) (holding that a proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by the ALJ); *Gilbert v. Apfel*, 175 F.3d 602, 604 (8th Cir. 1999) ("In posing hypothetical questions to a vocational expert, an ALJ must include all impairments he finds supported by the administrative record."). As addressed in more detail above, the Court finds the ALJ's decision to exclude Plaintiff's use of an assistive device from his RFC determination to be supported by substantive evidence. Further, the hypothetical which the ALJ posed to the VE captured the concrete consequences of Plaintiff's limitations and included all of Plaintiff's impairments as supported by substantial evidence in the record (*See* Tr. 355-56). Because there was work which Plaintiff could perform, based on the testimony of the VE and her independent review of the DOT, the ALJ found Plaintiff was not disabled. *Martise*, 641 F.3d at 927 ("Based on our previous conclusion ... that 'the ALJ's findings of [the claimant's] RFC are supported by substantial evidence,' we hold that '[t]he hypothetical question was therefore proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits.' ") (quoting *Lacroix*, 465 F.3d at 889). As such, the court finds that the ALJ posed a proper hypothetical to the VE; that the ALJ properly relied on the VE's testimony that there was work existing in

significant numbers which Plaintiff could perform; and that the ALJ's finding that Plaintiff is not disabled is based on substantial evidence and is consistent with the Regulations and case law.

## V. CONCLUSION

For the reasons set forth above, the court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED, with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 27th day of September, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE